23298. PARKER v. ANDERSON.

*Mitchell, Clark, Pate & Anderson, Taylor W. Jones,* for appellant.

*Wotton, Long, Jones & Read, Charles D. Read, Jr.,* for appellee.

GRICE, Justice. Evidentiary rulings made in a controversy over payment of a secured indebtedness are here for review. They are involved in a suit filed in the Superior Court of Fulton County by Mrs. Rubye M. Anderson, the purchaser of a grocery business, against Roger Parker, the seller, to enjoin him from exercising the power of sale in an instrument given to secure payment of the purchase price.

The issue centered upon a $500 payment and a delivery truck. The purchaser, relying upon the parties' March 27, 1957, sales contract which listed the truck as one of the items to be sold for a stated price, claimed that the $500 applied on the debt for the purchase price of the business, including the truck, and that such debt had been paid in full. The seller insisted that the $500 was in payment for the truck which, pursuant to an oral agreement of March 31, 1957, was sold separately, and therefore that $500 was still due on the debt for the business.

The trial resulted in direction of a verdict for the purchaser and a judgment in her favor.

Enumerated as error by the seller are the following: (1) the admission in evidence of the sales contract between the parties; (2) the striking of the testimony of the seller and his wife as to the sale of the truck; and (3) the direction of a verdict in favor of the purchaser. -

■ The sales contract, executed on March 27, 1957, recited, among other things that the parties agreed to the sale of the various items listed for a stated consideration to be paid in specified monthly installments. Therefore, it was relevant to the purchaser's contention that the truck was included in the pur-

chase of the business, and that she had paid in full the debt for such purchase and was thus entitled to the injunctive relief sought. Accordingly, we conclude that it was properly admitted in evidence.

■ The testimony of the seller and his wife, which was stricken, was essentially this: that on March 31, the seller and purchaser agreed that the truck, although listed in the March 27 sales agreement, was not to be included in the sale agreed upon therein, but was to be sold separately for an additional $500 cash; that a check for that amount was delivered to the seller; and that the truck was delivered to the purchaser.

The objection to this testimony was that it violated the parol evidence rule (*Code* § 38-501) as seeking to contradict or vary by parol the prior or contemporaneous agreements here. The documents which the purchaser contended would be contradicted or varied by such oral evidence are the March 27 sales contract and the deed to secure debt which was executed on March 31.

(a) As to the sales contract of March 27, we regard as inapplicable the rule of *Code* § 38-501 that "Parol . . . contemporaneous evidence is inadmissible generally to contradict or vary the terms of a valid written instrument."

Here, according to the evidence which was stricken, the seller and purchaser, subsequent to their execution of the sales contract, entered into a new and separate agreement whereby the truck, which was listed in the original sales contract, would not pass with the other items specified therein, but would be sold separately for the price of $500 cash. This evidence further showed that this later agreement was fully executed by immediate payment in full and delivery of the truck.

Accordingly, what we deem applicable is the rule of *Code* § 38-507 that "Parol evidence shall be admissible to . . . prove a new and distinct subsequent agreement. . . ." See collection of cases, 10 West's Ga. Dig. 405, Evidence, § 445.

Thus, we conclude that the stricken evidence was not inadmissible insofar as the March 27 sales agreement was concerned.

(b) As to the deed to secure debt, we reach the same con clusion. Oral evidence that the truck was purchased separately was not repugnant to inclusion of the truck with the other items .

transferred to the seller for security in the deed to secure debt. That document could have included any property of the purchaser, whether bought from this seller or not. Furthermore, the deed to secure debt did not purport to state the terms of any agreement of sale between the seller and the purchaser; it merely transferred items of property from the purchaser to the seller to secure a debt.

Since the parol evidence which was stricken related to a new and distinct subsequent agreement between the parties, it was error to strike it.

■ Inasmuch as the evidence of the seller which was erroneously stricken was in conflict with that of the purchaser on the issue of full payment of the debt, the direction of the verdict in favor of the purchaser was erroneous.

*Judgments affirmed in part; reversed in part. All the Justices concur.*